THE STATE, CHARLES GOBISCH ET AL., PROSECUTORS, v THE INHABITANTS OF THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON.

1. Where a charter makes lands, fronting on a street, subject to assessment for improvements, in proportion to the benefit received, a land owner cannot, after the ordinance is passed and the work commenced, withdraw a portion of his lands from liability to assessment by conveying away a ribbon fronting on the street.
2. This assessment made upon an erroneous principle; it should have been made according to the provisions of section 39 of the charter of 1871, and not under the charter of 1870.
3. Assessment set aside as to all the parties who have been assessed, so that a new assessment may be made.

On *certiorari*.

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the plaintiffs, *Brinkerhoff.*

For the defendants, *Besson.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutors ask this court to set aside the ordinance, assessment and proceedings, of the township committee of North Bergen, for the grading, curbing, paving and improvement of Hamblet place, from the Paterson plank road to Tonnelle avenue.

The work was ordered to be done June 5th, 1872, the contract was executed August 10th, 1872, the entire work completed in the month of December, 1873, and accepted by the township, and the assessment was confirmed in January, 1874.

The writ of *certiorari* was sued out the 29th day of April, 1874.

The prosecutors having had full knowledge of the progress of the work, and of the proceedings and contract under which it was done, cannot, after receiving all the benefits which flow from it, be permitted to institute proceedings to vacate the ordinance.

Although there are manifest irregularities in the ordinance, resolutions and proceedings, by virtue of which the undertaking was carried through, the writ should be dismissed, so far as it certifies into this court, these fundamental proceedings. The only question that can now be considered is the validity of the assessment.

On the 7th of May, 1872, Charles Gobisch, the prosecutor, petitioned for the improvement. At that time, he owned a large proportion of the land fronting on Hamblet place. Afterwards, during the progress of the work, but whether before it was wholly completed, does not distinctly appear, he conveyed to one Joel Miller his entire frontage on Hamblet place, to the depth of twenty-five feet, reserving to himself the rear of all his lots. The commissioners of assessment, by their report, dated December 19th, 1873, show that they dis-

tributed the burden of the cost and expenses of the improvement over an area extending one hundred feet in depth, on each side of the street. Gobisch insists that, at the time the assessment was laid, he owned no lands fronting on the street; that the act authorizing the assessment limits it to the owners of frontage, and that, by operation of his conveyance pending the work, his lands in the rear of the twenty-five feet conveyed by him, are removed from liability to assessment. To this proposition I cannot give my concurrence. By the 4th section of the supplement to " an act to divide the township of North Bergen, in the county of Hudson," (*Laws*, 1870, *p.* 1314,) this improvement was authorized to be made upon an application in writing, signed by the line owners representing the majority of frontage. Gobisch, by presenting his petition to the corporate body, subjected the lands then owned by him, fronting on said street, to their just proportion of the cost of the work, to be imposed in accordance with the existing law. Before entering upon this scheme, it was a duty which the township committee owed to the general tax payers to consider whether the benefits resulting to lands then subject to assessment, would equal the cost of the work; and, when the prayer of the petition was granted, the right to lay the assessment upon these lands attached, and followed them, notwithstanding the change of title. If, by this device, Gobisch could have secured immunity for his lands, he might, with equal facility, have conveyed away a ribbon of land one inch wide, along the street, which could not possibly have received benefits commensurate with the cost of the improvement, and thus have thrown almost the entire burden upon the general tax levy. This would open a door to fraud and imposition, which cannot be countenanced. The commissioners of assessment, conceiving that their proceedings were to be regulated by section 5 of the act of 1870, restricted their estimate of benefits to the real estate fronting on the street at the time the work was initiated.

An examination of subsequent legislation will show that, in this respect, they acted upon an erroneous principle.

Section 4 of the act of 1870, empowers the town committee, upon petition of property owners, to provide for laying out, opening, altering, grading, curbing, and paving any street, road, or avenue.

The only provision in that act for assessing the expenses of work done under it, is contained in section 5, which provides " that, at any time after the letting out of such improvement work by contract, the township committee may appoint three disinterested freeholders, who shall assess damages due owners of any lands assumed and taken for the public use, in laying out and altering any street, road, or avenue; and the said commissioners shall likewise ascertain and determine the costs and expenses of such improvement, including damages payable to owners as aforesaid, and shall assess the same upon the real estate fronting on the improvement, in proportion to the benefits received."

This section, it is contended, narrows the power of commissioners to make an assessment to the single instance where lands are taken for the public use, in laying out or altering a street, and that an assessment for grading, curbing, and paving, is wholly unauthorized. This conclusion is reached by holding that the words, " such improvement," in the latter part of this section, refer only to roads laid out or altered; but the act will not bear this interpretation. The words, " such improvement," in the second line of the 5th section, undoubtedly comprehend any kind of work which may be undertaken under the 4th section, and after such work is let out, commissioners may be appointed who shall assess damages for lands taken for any public street, and also ascertain the cost of such improvement as is referred to in the first part of the section. The words, " including damages payable to owners as aforesaid," are added, so as to leave no doubt of their power to assess them upon the frontage.

If this case was controlled by the act referred to, the assessment might be sustained. A supplement, approved April 6th, 1871, (*Laws*, 1871, *p*. 1397,) changes the mode of assessment. Section 39 of that act provides that the costs and

expenses of making, carrying out, and completing any improvement authorized by the 4th section of the act of 1870, shall be assessed upon all lands benefited thereby, in proportion to the benefits received. The commissioners restricted their assessment to lands fronting on Hamblet place, and did not extend it to all lands benefited by the improvement. The assessment, therefore, was made upon an erroneous principle, and, under the power which exists in this court, will be set aside, not only as to the prosecutors, but as to all persons who are assessed, that a new assessment may be made under the provisions of the act of March 24th, 1874. (*Laws*, 1874, *p.* 472.) *Town of Bergen* v. *The State*, 3 *Vroom* 490 ; *Same Case*, 5 *Vroom* 441.

Justice WOODHULL concurred.